# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SOLDBY JONES PROPERTY MANAGEMENT INC.,** | |
| Plaintiff, | |
| v. | 1:18-cv-1188-WSD |
| **YHANNA PALMER and All Other Occupants,** | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [2] ("Final R&R"), which recommends remanding this action to the Magistrate Court of Clayton County, Georgia.

## I. BACKGROUND

On March 20, 2018, Solby Jones Property Management Inc. ("Plaintiff") initiated a dispossessory proceeding against Defendant Yhanna Palmer ("Defendant"), in the Magistrate Court of Clayton County, Georgia. Plaintiff seeks the eviction of Defendant, who allegedly holds a rental lease agreement to the property located at 930 Silverwood Drive, Atlanta, Georgia 30349. ([1.1] at 3).

On March 21, 2018, Defendant, proceeding *pro se*, removed the Clayton

County Action to this Court by filing her Notice of Removal [1.1]. Defendant asserts that federal subject matter jurisdiction exists because there is a question of federal law in this action. (Id.).

On March 22, 2018, the Magistrate Judge issued his Final R&R, recommending that this action be remanded to state court for lack of subject matter jurisdiction. ([2]). The parties did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Where, as here, the parties have not filed objections to the R&R, the Court reviews it for plain error.

B. <u>Analysis</u>

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity jurisdiction or that involve a federal question." <u>Kivisto v. Kulmala</u>, 497 F. App'x 905, 906 (11th Cir. 2012). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." <u>Jairath v. Dyer</u>, 154 F.3d 1280, 1282 (11th Cir. 1998). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." <u>City of Vestavia Hills v. Gen. Fidelity Ins.</u>

Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The Magistrate Judge found, as to federal question jurisdiction, that "[t]he underlying action is a dispossessory action which is based solely on state law." ([2] at 3); see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted).  The Magistrate Judge concluded that, "Defendant has failed to meet her burden of establishing that this Court has jurisdiction over the underlying dispossessory proceeding."  ([2] at 3); see also Dhinoja, 705 F. Supp. 2d at 1381 ("If a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense.").

Defendant has not shown that the Court has subject matter jurisdiction over this state dispossessory proceeding, and this action is required to be remanded to the Magistrate Court of Clayton County, Georgia.  Cf. Dhinoja, 705 F. Supp. 2d 1378 (finding that the court lacked federal jurisdiction over a state dispossessory action, after it had been removed, and remanding to state court for further proceedings).  The Court finds no plain error in the Magistrate Judge's findings and recommendations.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Clayton County, Georgia.

**SO ORDERED** this 2nd day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE